**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PATRICIA CABORN,<br><br>   Plaintiff<br><br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC.,<br><br>   Defendant | **Civil Action No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

PATRICIA CABORN ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Leominster, Massachusetts 01453.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant sought to collect a consumer debt.

12. The alleged debt arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in July 2015, and continuing through September 2015, Defendant contacted Plaintiff on her cellular telephone in its attempts to collect a consumer debt of another person, her ex-husband, William Roy.

14. When Defendant first called, Plaintiff answered its call and told them that they were calling the wrong number and to stop calling.

15. Defendant asked where her ex-husband could be served, and Plaintiff told them that she did not know where he lived and reiterated that she did not want to be called anymore.

16. Defendant, however, told Plaintiff that she would "continue to be called because [she] was the point of contact."

17. Defendant failed to update its records to cease calls to Plaintiff

18. Rather, Defendant continued to call Plaintiff, knowing that it was calling the wrong number and that she did not want to be called.

19. Defendant called Plaintiff, on average, one (1) to two (2) times a

week.

20. It was aggravating and annoying to be contacted about another person's debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite having been notified that it was calling the wrong person.

### COUNT II

    a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place

       or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

b. Here, Defendant violated § 1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff to her cellular telephone about another individual's debt, which was an inconvenient place for Plaintiff to receive collection calls.

## COUNT III

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff several times a week about another person's debt, and continuing to call her after being told to stop

calling, with the intent to annoy, abuse, and harass Plaintiff.

**COUNT IV**

 a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

 b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff.

WHEREFORE, Plaintiff, PATRICIA CABORN, respectfully prays for a judgment as follows:

 a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

 b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

 d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA CABORN, demands a jury trial in this case.

                                       RESPECTFULLY SUBMITTED,

DATED:  12-14-15            BY:*/s/ Craig Thor Kimmel*_____
                                       CRAIG THOR KIMMEL
                                       BBO# 662924
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888 ext. 148
                                       Fax: (877) 788-2864
                                       Email: kimmel@creditlaw.com